## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RUDOLPH BRAHSEARS JONES                          CIVIL ACTION NO.

VERSUS

                                                25-425-SDD-EWD

COMENITY CAPITAL BANK, ET AL.

## ORDER

Before the Court is the Supplemental Memorandum in Support of Billedeaux Hearing Center LLC's Motion to Compel Discover Responses ("Supplemental Memorandum"),[1] filed by Defendant Billedeaux Hearing Center, LLC ("Billedeaux"), which requests an award of $780.00 as the attorneys' fees and costs incurred as a result of filing the Motion to Compel Discovery Responses ("Motion to Compel").[2] In support, Billedeaux offers the Affidavit of lead counsel, James R. Chastain, Jr., and the billing invoice from drafting the Motion to Compel.[3] Plaintiff did not respond to the Motion to Compel, appear through counsel for the telephone conference ordered by the Court to discuss the Motion to Compel, or respond to Billedeaux's Supplemental Memorandum. Accordingly, the request for fees is considered as unopposed. Because the attorneys' fees claimed by Billedeaux are reasonable under the lodestar calculation,[4] which establishes prima facie reasonableness, and because no adjustment to the lodestar calculation is warranted under the *Johnson* factors, it will be ordered that Billedeaux be awarded $780.00 in just costs and actual expenses, including attorneys' fees.[5]

---

[1] R. Doc. 45.

[2] R. Doc. 45-1, p. 2; R. Doc. 45-2.

[3] R. Docs. 45-1, 45-2.

[4] *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010); *see also Wright v. Bd. of Commissioners of Capital Area Transit System*, No. 20-644, 2022 WL 71861, at *1 (M.D. La. Jan. 6, 2022), citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

[5] As the Motion to Compel and associated fee award are not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued

## I.     BACKGROUND

On January 13, 2026, Billedeaux filed the Motion to Compel, seeking an order from the Court requiring Rudolph Brashears Jones ("Plaintiff") to respond to discovery requests propounded on October 28, 2025.[6] The Court scheduled a telephone conference for January 22, 2026 to discuss the Motion.[7] Plaintiff's counsel failed to appear for the conference and the Court granted Billedeaux's Motion to Compel, including awarding expenses and fees to Billedeaux.[8] Billedeaux's counsel was ordered to submit a supplemental memorandum in support of reasonable fees and costs under Fed. R. Civ. P. 37(a)(5)(A) by no later than February 2, 2026 to assist the court in assessing reasonable fees Billedeaux accrued in drafting and filing the Motion.[9] Billedeaux was permitted to file confidential information under seal. Billedeaux filed the instant Supplemental Memorandum under seal.[10]

## II.     AN AWARD OF $780.00 IS APPROPRIATE

Billedeaux seeks $780.00 in attorneys' fees related to the drafting and filing of the Motion to Compel.[11] When a Motion to Compel is granted, Rule 37(a) allows the court to award

---

directly by the undersigned. *See Luv N' Care, Ltd. v. Precious Moments, Inc.*, No. 17-1592, 2019 WL 8112675, at *1, n.1 (W.D. La. Mar. 25, 2019); *see also Glob. Energy Services, Inc. v. US Applicators, LLC*, No. 18-512, 2020 WL 1466221, at *1, n.4 (M.D. La. Mar. 26, 2020), citing *Celanese Corporation v. Clariant Corporation*, No. 14-4165, 2016 WL 4039162, at *1 (N.D. Tex. July 28, 2016) (citing *Merritt v. International Broth. of Boilermakers*, 649 F.2d 1013, 1016-18 (5th Cir. 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Fed. R. Civ. P. 37)); *Seiler Tucker Inc. v. Genie Investments*, No. 23-7288, 2025 WL 2314737, at *1 (E.D. La. Aug. 11, 2025).

[6] R. Doc. 38.

[7] R. Doc. 39.

[8] R. Doc. 40.

[9] *Id.* at p. 3.

[10] R. Doc. 45. Billedeaux originally filed a supplemental memorandum in compliance with the Court's order on February 2, 2026. R. Doc. 43 (which has been stricken from the record). However, the memorandum was not originally filed under seal. Thereafter, on February 3, 2026, Billedeaux moved to strike the original supplemental memorandum, which the Court granted. R. Docs. 44, 46. Considering the circumstances, the memorandum should be considered as timely filed.

[11] R. Docs. 45, 45-1, and 45-2.

2

"reasonable expenses incurred in making the motion, including attorneys' fees," after affording the parties an opportunity to be heard.[12] Courts must apply a two-step method for determining a reasonable fee award.[13] First, they calculate the lodestar, "which is equal to the numbers of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work."[14] Second, the court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors.[15] However, there is a strong presumption that the lodestar is sufficient.[16] "The burden of establishing the reasonableness of the fees is on the party seeking attorneys' fees and must be demonstrated 'by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.'"[17]

### A.  The Lodestar Calculation

To calculate the lodestar fee, courts multiply the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers.[18] However, the Court "should exclude all time that is excessive, duplicative, or inadequately documented."[19] When assessing the appropriateness of attorneys' fees, Billedeaux is charged with the burden of showing the

---

[12] Fed. R. Civ. P. 37. The parties were given an opportunity to be heard at the January 22, 2026 telephone conference for which Plaintiff's counsel failed to appear. Plaintiff also could have sought leave to respond to Billedeaux's memorandum in support of fees but did not do so.

[13] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017); *see also Wright* 2022 WL 71861, at *1.

[14] *Portillo,* 872 F.3d at 741, citing *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016) (quotations omitted); *see also Wegner v. Stand. Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997).

[15] *Portillo,* 872 F.3d at 741; *see also Schmook v. Kansas City S. Ry. Co.*, No. 20-309, 2022 WL 4783079, at *1 (M.D. La. Sept. 30, 2022), citing *Johnson* 488 F.2d at 717-19.

[16] *Perdue*, 559 U.S. at 546; *see also Wright*, 2022 WL 71861, at *1 (citation omitted).

[17] *Schmook*, 2022 WL 4783079, at *2 (citations omitted); *see also Chong v. Sunrise Restaurants, LLC*, No. 22-365, 2023 WL 3467786, at *1 (W.D. Tex. May 15, 2023), citing *Burns v. Nielson*, No. 17-264, 2021 WL 534711, at *3 (W.D. Tex. Feb. 12, 2021).

[18] *Acadian Diagnostic Labs, LLC v. Quality Toxicology*, LLC, No. 16-176, 2020 WL 1317733, at *1 (M.D. La. Mar. 20, 2020), citing *Migis v. Pearle Vision, Inc*., 135 F.3d 1041, 1047 (5th Cir. 1998) (quotations omitted).

[19] *Leonard v. Chet Morrison Contractors*, LLC, No. 19-1609, 2021 WL 493070, at *1 (E.D. La. Feb. 10, 2021), citing *Jimenez v. Wood Cty*., 621 F.3d 372, 379-80 (5th Cir. 2010) and *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

reasonableness of the hours they bill and, accordingly, is charged with proving that proper billing judgment was exercised.[20]

Billedeaux has provided time records of Kean Miller LLP associated with drafting and filing the Motion to Compel. According to the Affidavit of Billedeaux's lead counsel, James R. Chastain, Jr. ("lead counsel" or "Mr. Chastain"), and the attached invoice, lead counsel spent 0.60 hours on the Motion to Compel and an associate, Philip Young ("Mr. Young"), spent 1.80 hours on the Motion.[21] The entries in the time record contain sufficient detail to establish that billing judgment was exercised.[22] For example, one entry for 0.20 hours states: "Began drafting the motion to compel the plaintiff to answer the defendant's discovery requests."[23] Though there is some overlap in the billing descriptions in the invoice, none of the work was duplicative and it appears proper billing judgment was exercised. Further, most of the work was done by Mr. Young at a much lower rate than Mr. Chastain's, which served to lower the costs associated with the Motion to Compel. Finally, Billedeaux's counsel spent only 2.40 hours on the Motion to Compel.[24] Another division of this Court has found that a similar amount of time spent on a simple motion to compel, like the one at issue, was reasonable.[25] As the 2.40 hours spent on the Motion to Compel was reasonable, there is no reason to adjust this number.

---

[20] *Schmook*, 2022 WL 4783079, at *2; *see also Chong*, 2023 WL 3467786, at *1.

[21] R. Doc. 45-1, ¶ 5; R. Doc. 45-2, p. 3.

[22] R. Doc. 45-2, p. 3. Counsel is "charged with proving that they exercised billing judgment." *Winget v. Corporate Green, LLC*, No. 09-0229, 2011 WL 2173840, *4 (M.D. La. 2011), quoting *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). Attorneys exercise billing judgment by not charging for time that is unproductive, excessive, or duplicative when seeking a fee award. *Id.* The provided evidence shows that billing judgment was exercised.

[23] R. Doc. 45-2, p. 3.

[24] *Id.*

[25] *See Wright*, 2022 WL 71861 (finding 2.25 hours a reasonable amount of time in calculating the lodestar on a simple motion to compel when the opposing party failed to respond to discovery).

Billedeaux requests an hourly rate of $475 per hour for lead counsel and $275 per hour for Mr. Young.[26] In support, Billedeaux points to the Affidavit of its lead counsel, who avers that lead counsel's rate is reduced from his standard hourly rate of $585 and Mr. Young's rate is reduced from his standard rate of $285.[27] Lead counsel also attests to the fact that he has been a member of the bar since 1989 and has been in private practice since 1990.[28] He further attests that Mr. Young has been licensed since October of 2025.[29]

"Reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant community."[30] "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested."[31] If an hourly rate is not opposed, it is also prima facie reasonable.[32] Plaintiff has not opposed the requested rates and Billedeaux's attorneys have reduced the rates from their standard rates. On this showing, the billing rates requested by Billedeaux are prima facie reasonable.[33] With a reasonable hourly rate of $275.00 for 1.80 hours of work expended by Mr. Young ($495.00) and a reasonable hourly rate of $475 for 0.60 hours of work expended by lead counsel ($285.00), the lodestar fee totals $780.00.

---

[26] R. Doc. 45-1, ¶¶ 3-4; R. Doc. 45-2, p. 3.

[27] R. Doc. 45, p. 3; R. Doc. 45-1, ¶¶ 3-4.

[28] *Id.* at ¶ 2.

[29] *Id.* at ¶ 4.

[30] *LeBlanc v. Fed Ex Ground Package Sys., Inc.*, No. 19-13274, 2021 WL 5994966, at *2 (E.D. La. Apr. 12, 2021), quoting *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (internal quotations omitted) (citation omitted).

[31] *Id.*, quoting *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citation omitted).

[32] *Leonard*, 2021 WL 493070, at *2 (E.D. La. Feb. 10, 2021), citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) and *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted).

[33] *See id.* (holding rates were prima facie reasonable because they were not opposed).

### B.  The *Johnson* Factors Do Not Warrant an Adjustment of the Lodestar

To decide if it should enhance or decrease its $780.00 lodestar calculation, a court considers the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorneys because they accepted the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[34] Plaintiff does not oppose the request for fees to argue that the *Johnson* factors warrant a reduction. Moreover, by order of the Supreme Court, there is a strong presumption that the lodestar is sufficient.[35] None of the *Johnson* factors warrant adjustment from the lodestar amount in this case. Accordingly, a fee award of $780.00 is reasonable compensation for Billedeaux's attorneys' efforts related to the Motion to Compel.

### III.  CONCLUSION

Billedeaux has provided sufficient information to support the award of attorneys' fees incurred because of filing the Motion to Compel, and it will be ordered that Billedeaux be awarded $780.00 based on the strong presumption that the lodestar method is sufficient and that the *Johnson* factors do not warrant adjustment from that amount. Billedeaux does not request any other costs or fees.

Accordingly,

---

[34] *Wright*, 2022 WL 71861, at *1, n. 2, citing *Wegner* 129 F.3d at 822.

[35] *Perdue*, 559 U.S. at 546.

**IT IS ORDERED** that Billedeaux's request for $780.00 in attorneys' fees incurred because of filing the Motion to Compel is **GRANTED,** and that Billedeaux is awarded just costs and actual expenses, including attorneys' fees, in the amount of $780.00 to be paid by Plaintiff Rudolph Brashears Jones and Plaintiff's counsel Garth J. Ridge.

Signed in Baton Rouge, Louisiana, on March 27, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**